**WESTERN NAT. BANK OF HEREFORD v. DUNLAP et al.**

No. 3615.

Court of Civil Appeals of Texas. Amarillo.

May 13, 1931.

Rehearing Denied June 10, 1931.

Cooper & Lumpkin, of Amarillo, for appellant.

W. H. Russell, of Hereford, for appellees.

JACKSON, J.

The Western National Bank, the plaintiff, instituted this suit in the county court of Deaf Smith county, Tex., against the defendants W. E. Dunlap and L. W. Hough, to recover the sum of $364.74, with interest and attorney fees, evidenced by a note dated February 21, 1928, executed by W. E. Dunlap and payable to L. W. Hough.

Plaintiff alleges that this note was given in extension of a balance due on a note signed by W. E. Dunlap, dated March 1, 1927, payable in monthly installments on the 1st day of each month. That by mistake the note sued on did not provide for monthly payments, but that such was the mutual agreement and understanding of the parties. That after the execution and delivery of the original note and before its maturity, the defendant L. W. Hough, for a valuable consideration and in due course, sold and indorsed said note to the plaintiff, and it became the legal and equitable owner and holder thereof and is the owner of the renewal note sued on. That said note was given as part of the purchase price for a Chrysler automobile sold by the defendant Hough to the defendant Dunlap, which note was secured by a chattel mortgage against said automobile. The plaintiff sufficiently alleged default, the agreement for the payment of attorney fees, etc.

The defendants answered, admitting that L. W. Hough had sold and delivered a Chrysler automobile to the defendant W. E. Dunlap, who executed the note and mortgage described in plaintiff's original petition. That about thirty days after said transaction, the plaintiff and defendants entered into an agreement by the terms of which the automobile was sold to C. M. Watson for $1,200. That Watson executed his three promissory notes in part payment of said automobile, each in the sum of $315, payable July 1, 1927, October 1, 1927, and January 1, 1928. That it was agreed that the plaintiff would accept the Watson notes in lieu of the note executed by the defendant Dunlap and that when the Watson notes were paid or settled, such payment or settlement would be applied to the

discharge of the Dunlap note. That on or about the date of the renewal note sued on, the plaintiff advised the defendant Dunlap that the Watson notes had not been paid and, for the purpose of keeping the bank's records so as not to show any past-due paper when the bank examiner appeared, requested W. E. Dunlap to execute the note sued on; that the Watson notes were held as collateral to said renewal note and when paid would discharge said renewal note. That relying on such statements, the defendant Dunlap executed the note sued on. That the Watson notes have been paid and thereby the defendants were not liable to the plaintiff in any sum.

The plaintiff in a supplemental petition, in reply to the defendants' answer, pleaded general and special denials and alleged that the defendant Dunlap knew that the note he had given to L. W. Hough had been sold and transferred to the plaintiff for a valuable consideration and knew that L. W. Hough could not release said note without payment thereof. That it did not accept the Watson notes in lieu of or in payment of the note of the defendant Dunlap, but that the Dunlap note and the Watson notes were both purchased for value by the plaintiff.

In response to one special issue submitted by the court in his main charge, the jury found that the plaintiff agreed to accept the notes given by Watson as the purchase price of the car he received from L. W. Hough in lieu of and in substitution of the note given by defendant W. E. Dunlap to defendant L. W. Hough and transferred to the plaintiff.

On this finding, the court rendered judgment that the plaintiff take nothing by its suit and that the defendants be discharged with their costs, from which judgment this appeal is prosecuted.

■■ The appellant challenges as error the action of the trial court in refusing to direct a verdict in its behalf and rendering judgment against it, because under the pleading and testimony there was no issue to submit to the jury.

The defendant L. W. Hough testified that he sold the first note given to him by the defendant Dunlap for the automobile, to the plaintiff and received the money therefor. That thereafter he advised the plaintiff that he could resell the car purchased by Dunlap and if he did he would want to substitute the notes received from the second purchaser for the note of Dunlap. That thereafter he sold the car to C. M. Watson, received notes aggregating the sum of $945, took them to the plaintiff, and the notes were transferred to it. That he was present when the president of the bank advised the defendant Dunlap that the Watson notes had not been paid but when they were paid they would discharge his note. That he knew at the time that he had cashed the Watson notes and gotten the money on them and that they had not been placed with the bank as collateral and not substituted for the Dunlap note. The records of the bank disclose that the transaction between it and defendant Hough was a sale and purchase of the Watson notes and that they were not substituted for the Dunlap note. The testimony of the officers of the bank is to the effect that the transaction relative to the Watson notes was a sale and purchase and not a substitution. That they had theretofore purchased from defendant Hough the Dunlap note and paid him therefor. Mr. Dunlap testifies that he never had any conversation with any bank official or any one connected with the bank relative to the substitution of the Watson notes for his note, but his discussions were all with defendant Hough, until his conversation with the president of the bank at the time he executed the renewal note sued on, at which time he was advised that the Watson notes had not been paid but when collected they would discharge the renewal note. The record shows without contradiction that the Dunlap note was not delivered to him or any one for him at the time it is claimed the Watson notes were substituted for the Dunlap note. That after the transaction with defendant Hough and the bank relative to the Watson notes, no notice of nonpayment or demand for payment was made on Mr. Dunlap until he executed the renewal note, but that defendant Hough had paid the installments on the Dunlap note until the renewal note was given.

There is no contention that the note sued on has ever been paid unless it was discharged by the payment of the Watson notes, which it is admitted had been satisfied. The record is uncontroverted that defendant Hough received from the bank the money on the Dunlap note and also the money on the Watson notes, and the court was manifestly in error in failing to direct a verdict against the defendant Hough in favor of the bank. The defendants alleged an express contract between them and the bank for the substitution of the Watson notes for the Dunlap note, and having failed to prove such express agreement, Dunlap was not entitled to recover, not having pleaded implied contract, fraud, or estoppel against the bank.

The judgment is reversed, and the cause remanded.